UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

ALTON FORD, )
)
Plaintiff, )
)
vs. ) No.: 1:18-cv-174
)
GARY IBARGUEN, individually and doing )
business as iSPECIALIZE, )
)
Defendant. )

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiffs file this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Gary Ibarguen owns and operates a business under the name "iSpecialize." Defendant's business provides cell phone and computer repair services and has retail store locations on Brainerd Road in Chattanooga, Tennessee, on Reagan Lane in Ooltewah, Tennessee, and on West Walnut Avenue in Dalton, Georgia.

3. Plaintiff was employed by Defendant at his Brainerd Road location in Chattanooga from approximately March of 2018 through July of 2018.

4. Plaintiff was employed as a cell phone technician. His duties included performing repairs on and addressing other issues involving customers' cell phones.

5. Defendant paid Plaintiff an hourly rate for his work, and Plaintiff clocked in and out on a computerized time recording device.

6. Plaintiff worked more than 40 hours during some of the workweeks while he was employed by Defendant.

7. Defendant paid Plaintiff his regular hourly rate of pay for all hours worked, including overtime hours of more than 40 per workweek.

8. For example, during the pay period from May 31 through June 13, 2018, Defendant paid Plaintiff for 89.89 hours of work at his regular hourly rate of $11.00 an hour, for a total of $988.79.

9. Plaintiff also performed uncompensated work "off the clock" while he was not clocked in on Defendant's time recording device.

10. Defendant also failed to compensate Plaintiff for all work hours recorded on Defendant's time recording device.

11. On one occasion, Defendant improperly docked Plaintiff's pay and did not pay him for all recorded work hours because a customer stole a cell phone from Defendant's store.

## Count 1—Violation of Fair Labor Standards Act

12. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-11 above.

13. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

14. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

15. While Plaintiff was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA. More specifically, Plaintiff worked on and performed repairs to cell phones that crossed state lines and moved in interstate commerce; he used parts purchased by Defendant that were

shipped to Defendant from out of state and moved across state lines in interstate commerce; and he routinely used the internet in performing his job duties.

16. While Plaintiff was employed by Defendant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceed $500,000.00.

17. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

18. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

19. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

20. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

21. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

22. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## Count 2—Breach of Contract Under State Law

23. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-22 above.

24. As evidenced by Plaintiff's pay records, Defendant agreed to pay Plaintiff an hourly rate for all hours worked while he was employed by Defendant.

25. By failing to compensate Plaintiff for all of the hours he worked, Defendant breached his contract with Plaintiff.

26. Plaintiff sustained damages as a result of Defendant's breach of contract. Specifically, Plaintiff failed to receive wages for work he performed for Defendant at the agreed-upon rate of pay.

27. During weeks in which Plaintiff was not compensated for all of his regular, non-overtime work hours, Plaintiff seeks recovery for these uncompensated regular hours on the basis of Defendant's breach of contract under Tennessee state law.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to his overtime back pay;

(c) Interest;

(c) Reasonable attorney's fees and costs;

(d) Unpaid regular wages for weeks in which Plaintiff was not paid for all regular hours worked, as damages resulting from Defendant's breach of contract;

(e) All other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown, GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street, Suite 208
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

5