## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| ALTON FORD, | * | |
| | * | NO. 1:18-cv-174-TWP-SKL |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| GARY IBARGUEN, individually and d/b/a | * | |
| ISPECIALIZE, | * | |
| | * | |
| Defendant. | * | |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, for his Answer and affirmative and other defenses against the Complaint, states as follows:

1. Paragraph 1 of the Complaint is admitted.

2. Defendant admits that Gary Ibarguen owns and operates a business called, "iSpecialize" at the locations listed in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint is admitted.

4. It is admitted that Plaintiff was employed as a cell phone technician as indicated in paragraph 4 of the Complaint. Defendant further admits that part of Plaintiff's job included performing minor repairs on phones and addressing phone-related issues.

5. It is admitted that Defendant paid Plaintiff an hourly rate and that Plaintiff was instructed by Defendant to clock in and out for work, for breaks and/or lunches as indicated in paragraph 5 of the Complaint. However, it is denied that Plaintiff complied with that instruction.

6. It is admitted that Defendant's time records indicate that Plaintiff worked more than 80 hours during 3 two-week pay periods as indicated in paragraph 6 of the Complaint. It is denied, however, that those time records are accurate. Indeed, Plaintiff did not log out for breaks

and/or lunches and thus his actual time worked was less than 80 hours in those 3 two-week pay periods.

7. It is admitted that Plaintiff was paid his regular hourly rate as indicated in paragraph 7 of the Complaint, but it is denied that Plaintiff worked in excess of 80 hours in the 3 two-week pay periods at issue.

8. The allegations in paragraph 8 are admitted, although Defendant denies that Plaintiff actually worked 89.89 hours during that two-week pay period.

9. Defendant denies the allegations in paragraph 9 of the Complaint. Indeed, oftentimes Plaintiff failed to clock out as required for breaks, for lunches and/or at the end of work shifts (for example, on occasion Plaintiff's time stamps would show him working 24 hours a day). During times when Plaintiff disputed his time clock record, he would text Defendant indicating he made an error or Plaintiff would make a noted entry in the actual timeclock records. On such occasions, Defendant would pay Plaintiff according to what he represented was accurate.

10. It is denied that Plaintiff was not compensated for any actual time worked as indicated in paragraph 10 of the Complaint. It is admitted that at times, Plaintiff failed to clock out as required for breaks, for lunches and/or at the end of work shifts and Plaintiff was not paid for the periods Defendant knew were erroneous or fraudulent (such as when Plaintiff's records indicated he worked 24 hours straight, although Defendant's store was only open 9 hours a day).

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint does not require a response from Defendant.

13. Paragraph 13 of the Complaint is denied.

14. Paragraph 14 of the Complaint is denied.

15. The allegations in paragraph 15 of the Complaint are denied.

16. The allegations in paragraph 16 of the Complaint are denied.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is denied.

19. It is denied that Defendant or Plaintiff were covered by the FLSA as indicated in paragraph 19 of the Complaint and it is denied that Plaintiff actually worked overtime hours.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint does not require a response from Defendant.

24. Although Plaintiff was paid for all hours worked, Defendant denies that there was any enforceable contract for the same as indicated in paragraph 24 of the complaint.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of judicial estoppel, equitable estoppel, unclean hands, laches, waiver, release, accord, and satisfaction.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the set-offs and

recoupments that Plaintiff owes Defendant.

THIRD DEFENSE

Some or all of Plaintiff's claims are barred to the extent that he did not submit accurate time records.

FOURTH DEFENSE

The parties are not covered by the FLSA.

FIFTH DEFENSE

Defendant at all times acted in good faith.

GENERAL RESERVATION OF FURTHER DEFENSES

Defendant has not yet completed its investigation of this matter. To the extent that further investigation reveals facts supporting additional defenses, Defendant reserves the right to amend and assert further affirmative defenses to Plaintiff's claims.

**AND NOW, HAVING FULLY ANSWERED, DEFENDANT PRAYS:**

a.      That Plaintiff's claims be dismissed;

b.      That Defendant be awarded its lawful attorney's fees and costs; and

c.      For such other and further relief as may be just.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By:   *Donna J. Mikel*
        Donna J. Mikel, BPR#020777
        Attorneys for Defendants
        711 Cherry Street
        Chattanooga, TN 37402
        Phone: (423) 266-2121
        Fax: (423) 266-3324
        Email: dmikel@bdplawfirm.com

Page 4 of 5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September, 2018, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and listed below. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Alton Ford
c/o R. Scott Jackson, Jr., Esq.
4525 Harding Road, Suite 200
Nashville, TN 37205
Email: rsjackson@rsjacksonlaw.com

Alton Ford
c/o John Robert McCown, Esq.
Warren & Griffin, P.C.
300 West Emery Street, Suite 208
Dalton, GA 30720
Email: john.mccown@warrenandgriffin.com


____s/ *Donna J. Mikel*_____