UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALTON FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-174-TWP-SKL |
| v. | ) |
| | ) |
| GARY IBARGUEN, *individually and d/b/a* | ) |
| iSPECIALIZE, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Alton Ford filed this case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on August 1, 2018. On January 9, 2019, U.S. District Judge Thomas W. Phillips entered a Memorandum and Order granting the parties' joint motion for approval of their FLSA settlement and entry of judgment [Doc. 16]. Currently before the Court is Plaintiff's motion for award of statutory attorney's fees and supporting memorandum [Docs. 17 & 19]. Defendant Gary Ibarguen filed a response and affidavit in opposition [Docs. 21 & 22], and the motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3) [Doc. 23]. After conferences with the undersigned on February 11 and 19, 2019, the parties filed a joint stipulation of facts for the Court's consideration in lieu of an evidentiary hearing [Docs. 26, 27, & 28]. This matter is now ripe.

For the reasons stated below, I **RECOMMEND** Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART** and Plaintiff be awarded **$6,864.00** in attorney's fees.

## I. BACKGROUND

Defendant owns a cell phone repair business with three retail locations. Plaintiff worked for Defendant as a cell phone technician at the Chattanooga, Tennessee, location from approximately March through July 2018 [Doc. 1 at Page ID #1, ¶ 3]. Shortly after his employment ended, he filed the instant lawsuit against Defendant. He alleged Defendant paid him at his regular rate for overtime hours and made him perform work off the clock without pay, in violation of the FLSA and in breach of the parties' alleged employment contract. On October 18, 2018, after some back and forth with Plaintiff concerning FLSA coverage and Plaintiff's time records, Defendant made an offer of judgment for the full amount of wages owed for overtime work, $386.25, plus an equal amount in liquidated damages, for a total of $772.50 [Doc. 26 at Page ID # 138, ¶ 13]. Defendant also offered to pay reasonable and necessary fees and costs, consistent with the requirements of the FLSA. The offer did not include any payment for Plaintiff's alleged work done off the clock, or "straight time" pay ($108.02), which appears to be the basis for his breach of contract claim [*id.*; *see also id.* ¶ 15 (Plaintiff's counsel writing, "Although this is not an FLSA claim for which we could recover liquidated damages, it is a viable contractual claim that we have specifically asserted in the complaint.")]. Plaintiff accepted the offer on October 29, 2018, and the settlement was subsequently approved. The parties were unable to agree on the amount of attorney's fees, prompting Plaintiff to file the instant motion.

## II. STANDARDS

The FLSA provides for an award of attorney's fees to a successful plaintiff. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

2

The award is mandatory, but the amount of the award is in the Court's discretion. *See Farmer v. Ottawa Cty.*, 211 F.3d 1268 (table), 2000 WL 420698, at *7 (6th Cir. Apr. 13, 2000) (citing *United Slate, Tile and Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The purpose of this fee-shifting provision is to "insure effective access to the judicial process for prevailing plaintiffs with wage and hour grievances" and, as such, a court should not focus excessively on the amount of the plaintiff's recovery when determining a reasonable fee. *G&M Roofing*, 732 F.2d at 502 (citation omitted).

The FLSA does not address how to determine the reasonableness of a requested fee, but the United States Court of Appeals for the Sixth Circuit has approved the use of the "lodestar" method, by which the Court multiplies the number of hours reasonably spent on the case by a reasonable hourly rate. *Garcia v. Conway*, No. 3:10-cv-01069, 2011 WL 6778258, at *1 (M.D. Tenn. Dec. 23, 2011) (citing *Moore v. Freeman*, 335 F.3d 558, 565-66 (6th Cir. 2004)). The lodestar amount should not include inadequately documented hours, or hours that were not "reasonably expended," such as those that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The lodestar amount may be further "adjusted upwards or downwards, as the district court finds necessary under the circumstances of the case." *Garcia*, 2011 WL 6778258, at *1 (quoting *Moore*, 335 F.3d at 565-66) (internal quotation marks omitted). For example, the award should be adjusted based on the "result obtained," i.e., whether the plaintiff failed to prevail on unrelated claims and whether the Plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *See Kilgore v. Kim*, No. 1:13-CV-221-CLC-CHS, 2016 WL 769279, at *2

3

(E.D. Tenn. Feb. 8, 2016) (quoting *Hescott v. City of Saginaw*, 757 F.3d 518, 526-27 (6th Cir. 2014)) (internal quotation marks and other citation omitted). The United States Supreme Court has held "the degree of success obtained" is "the most critical factor" in determining whether the lodestar amount should be adjusted. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 436) (internal quotation marks omitted).[1] The burden of establishing the reasonableness of the fees requested is on the fee applicant. *Hensley*, 461 U.S. at 433.

## III. ANALYSIS

In his motion, Plaintiff seeks $8,580.00 for attorney's fees, for 28.6 hours of work at $300/hour. The declaration of Plaintiff's counsel, Mr. Scott Jackson, Jr., sets forth his extensive experience handling FLSA cases [Doc. 17-2]. This Court has awarded fees calculated at a $300/hour rate in the past for FLSA cases, particularly where there is no objection. *See Loyless v. Oliviera*, No. 1:09-CV-239, 2012 WL 775084, at *2 (E.D. Tenn. Feb. 17, 2012) (noting $300/hour to be high for the Chattanooga area in 2012, but reasonable given counsel's experience

---

[1] The factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), have traditionally been used to further assess whether lodestar amount should be adjusted. *See Heriges v. Wilson Cty.*, No. 3:09-cv-0362, 2010 WL 4116719, at *12 (M.D. Tenn. Oct. 19, 2010). These factors are: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* (citation omitted). The United States Supreme Court has recognized, however, that many of the factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *See Hensley*, 461 U.S. at 434 n.9 (citation omitted).

and defendant's lack of objection), *report and recommendation adopted*, No. 1:09-cv-239, 2012 WL 775070 (E.D. Tenn. Mar. 8, 2012); *see also Chennault v. Sutton*, No. 3:10-CV-497, 2014 WL 4351587, at *2 (E.D. Tenn. Sept. 2, 2014) ("Where a party moves the Court to award fees, $300.00 per hour is reasonable compensation for work performed by top-tier attorneys in the Eastern District of Tennessee." (collecting cases)). Defendant does not dispute the reasonableness of the requested hourly rate. After considering the area legal market, I **FIND** the $300 hourly rate to be reasonable for this type of case.

Defendant does, however, dispute the reasonableness of the number of hours Mr. Jackson spent on the case. Defendant contends "[t]here is no logical reason why a case worth so little where settlement was imminent from the very first discussion should have blossomed into a near five-figure fee." [Doc. 21 at Page ID # 92]. The parties first made contact on August 23, 2018. At that time Defendant already knew he would pursue settlement to resolve the case, and so the parties agreed to extend the deadline for Defendant's answer until September 7, 2018. During the two weeks between August 23 and September 7, 2018, Defendant attempted to contact Mr. Jackson a number of times to discuss settlement, but Defendant could never reach Mr. Jackson. Defendant was thus forced to file his answer, although his goal had been to settle the case without litigation [*see* Doc. 26 at Page ID # 135, ¶¶ 2-4]. Defendant argues any work Mr. Jackson did after that should be "carefully scrutinized" [Doc. 21 at Page ID # 89].

Defendant highlights approximately eight specific hours which he argues were not reasonable considering the high probability of settlement. The bulk of these hours are when Mr. Jackson prepared Plaintiff's Rule 26 initial disclosures (1.25 hours) and first round of discovery requests (4.4 hours). The challenged hours also include about 1.5 hours of time Mr. Jackson spent

5

doing tasks Plaintiff's counsel, Ms. Donna Mikel, offered to do, and another .85 hours spent working on the parties' discovery plan. Finally, Defendant challenges "numerous hours" billed for arguments between the parties over Mr. Jackson's fees and the fee requests, which Defendant seems to suggest would not have occurred had the parties settled sooner and a smaller fee request been made [*id.* at Page ID # 89-90].

Plaintiff does not address why Mr. Jackson failed to communicate with Defendant or Ms. Mikel before the answer was due. Plaintiff's position is that Defendant's failure to produce a complete set of time records caused Plaintiff to incur more fees. While waiting for the complete records so he could craft an appropriate demand, Plaintiff's initial disclosures and discovery requests became due under the scheduling order in this case, and so Plaintiff drafted and served those documents. Meanwhile, Defendant continued to deny liability or coverage under the FLSA, and failed to produce the last two weeks of Plaintiff's pay records until after Defendant made the offer of judgment, according to Plaintiff [Doc. 19 at Page ID # 70-74]. Plaintiff contends Defendant may have expressed a desire for settlement, but Defendant's refusal to concede liability and unwillingness to supply complete time records forced Plaintiff to push the case forward.

I **FIND** Mr. Jackson's billing records do not contain any glaringly unreasonable entries [Doc. 17-3]. For example, there are no entries involving work by more than one attorney or unnecessary travel time. Defendant does not contend, and I do not find, that any individual entry is for an obviously excessive amount of time. Nevertheless, after careful consideration, I **FIND** the lodestar amount should be adjusted downward. I **RECOMMEND** Plaintiff's fee request of $8,580 be reduced by **20%**, and Plaintiff be awarded attorney's fees in the amount of **$6,864.00**. *See, e.g.*, *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not,

become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

First, although Plaintiff received 100% recovery for his overtime FLSA claim, he did not prevail on his straight time/breach of contract claim for $108.02. This claim is somewhat related to the FLSA claim, but it also certainly involves some distinct facts and a different legal theory. Second, Plaintiff failed to offer even a basic explanation as to why he or Mr. Scott failed to communicate with Defendant or Ms. Mikel during the two weeks before the answer was filed, when both parties were seemingly aware the amount in controversy was very low.[2] Plaintiff fixates on the denials of FLSA coverage Defendant made in his answer (and in subsequent emails), but Plaintiff ignores the fact that Defendant never wanted to file an answer or formally dispute coverage in the first place. There is no doubt Defendant's unexplained foot-dragging regarding the production of complete time records also escalated the costs of this lawsuit. But Plaintiff had all but two weeks' worth of records on September 18, 2018, and the last two weeks did not reveal any additional overtime violations. Accordingly, I **FIND** a 20% reduction is reasonable under the circumstances of this case.

## IV. CONCLUSION

---

[2] Even if they were not specifically aware it was less than $500, they certainly were aware of Plaintiff's hourly wage ($11/hour) and that he only worked for Defendant for about five months.

7

For the reasons stated herein, I **RECOMMEND**[3] Plaintiff's motion for award of statutory attorney's fees be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff be awarded attorney's fees in the amount of **$6,864.00**. Costs in the amount of **$450.00** have been taxed to Defendant [Doc. 24] and are not in dispute.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).